UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

VOLTSTAR TECHNOLOGIES, INC., an Illinois corporation,

Plaintiff,

CASE NO.: 9:16-cv-80063-RLR

vs.

NEWSLINK OF MIAMI, LLC, a Florida limited liability corporation, and KANEX, INC. f/k/a APOGEE, INC., a California Corporation,

Defendants.
_____________________________________/

**DEFENDANT NEWSLINK OF MIAMI, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant, NEWSLINK OF MIAMI, LLC ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

1. Defendant admits that this purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§271, et seq. but denies that Plaintiff is entitled to any relief. Defendant further denies that its importation for sale, manufacture, use, offer to sell, and sale in the United States of the subject AC Adapter was unauthorized and denies that the subject AC Adapter infringes one or more valid claims of United States Patent No. 9,024,581 (the "'581 patent").

**PARTIES, JURISDICTION, AND VENUE**

2. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 2 of Plaintiff's Complaint, and therefore denies same.

3. Admitted.

4. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 4 of Plaintiff's Complaint, and therefore denies same.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiffs' Complaint with respect to Defendant NewsLink of Miami, LLC. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 5 of Plaintiff's Complaint with respect to Defendant Kanex, Inc. and therefore denies same.

6. Admitted.

7. Defendant does not contest venue, but denies having committed acts of infringement within this judicial district and division.

**THE PATENT-IN-SUIT**

8. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 8 of Plaintiff's Complaint, and therefore denies same.

9. Defendant admits that Exhibit A of the Complaint purports to be a copy of the '581 patent and that the document speaks for itself. Defendant is without knowledge sufficient to admit or deny the remaining allegations in paragraph 9 of Plaintiff's Complaint, and therefore denies same.

10. Defendant admits that Exhibit B of the Complaint purports to be copies of U.S. Patent and Trademark Office assignment records and that the document speaks for itself. Defendant is without knowledge sufficient to admit or deny the remaining allegations in paragraph 10 of Plaintiff's Complaint, and therefore denies same.

11. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 11 of Plaintiff's Complaint, and therefore denies same. Defendant also objects to Plaintiff's characterization of the '581 patent in "general, non-legal terms."

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,024,581**

12. Defendant re-adopts and re-asserts its responses to Paragraphs 1 through 11, as if fully set forth herein.

13. Denied.

14. Defendant admits that the product depicted in the photograph in paragraph 14 of Plaintiff's Complaint purports to be the Accused Device.

15. Defendant admits that the product depicted in the photograph in paragraph 15 of Plaintiff's Complaint purports to be a photograph of the Accused Device.

16. Denied.

17. Denied.

18. Denied.

19. Plaintiff admits that Exhibit C to the Complaint purports to be a preliminary claim infringement chart and that the document speaks for itself.

20. Defendant denies that the activities of Defendant have been without license, permission, or authorization from Plaintiff and that the activities of Defendant required a license, permission, or authorization from Plaintiff.

21. Denied.

**COUNT II – INDIRECT INFRINGEMENT OF U.S. PATENT NO. 9,024,581**

22. Defendant re-alleges and reincorporates paragraphs 12 through 21 as if fully and completely set forth herein verbatim.

23. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint, and therefore denies same.

24. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint, and therefore denies same.

25. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 25 of Plaintiff's Complaint, and therefore denies same.

26. Denied.

27. Denied.

28. Denied.

29. Defendant denies that the activities of Defendant have been without license, permission, or authorization from Plaintiff and that the activities of Defendant required a license, permission, or authorization from Plaintiff.

30. Denied.

## GENERAL DENIAL

31. Defendant hereby denies each and every allegation, claim, reservation of rights, or prayer for relief except as expressly admitted herein and demands strict proof thereof.

32. Defendant denies all of the allegations contained in the PRAYER FOR RELIEF and WHEREFORE clauses. To the extent the PRAYER FOR RELIEF and/or WHEREFORE clauses can be suggested to seek relief from Defendant, Defendant denies that such relief is available.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses on information and belief, without prejudice to its right to modify or withdraw any defense and/or assert additional defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state any cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

All allegedly infringed claims of the '581 patent are invalid because they fail to satisfy all of the requirements and conditions for patentability specified in 35 U.S.C. §§ 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**

Defendant has not directly infringed any valid claim of the '581 patent either literally or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant has not indirectly infringed, induced infringement, or contributed to the infringement of the '581 Patent, either literally or under the doctrine of equivalents.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are statutorily limited by 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant has not willfully infringed any valid claim of the Patent-in-Suit.

**SEVENTH AFFIRMATIVE DEFENSE**

The patent in suit is unenforceable due to inequitable conduct before the United States Patent and Trademark Office during the prosecution of the '581 Patent.

**EIGTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting the Defendant has infringed any valid claims of the '581 patent under the doctrine of equivalents.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff fails to plead with particularity and/or set forth specific facts pursuant to Federal Rule of Civil Procedure 9 demonstrating Defendant's alleged contributory infringement of the '581 patent.

**WHEREFORE**, Defendant prays that Plaintiff take nothing from this action, and that judgment be entered in favor of Defendant, together with attorneys' fees and costs.

**COUNTERCLAIM**

Defendant NEWSLINK OF MIAMI, LLC (hereinafter "Counter-Plaintiff") by and through the undersigned counsel, hereby counter-claims for a declaration of non-infringement against Plaintiff VOLTSTAR TECHNOLOGIES, INC. (hereinafter "Counter-Defendant") as follows:

**NATURE OF THE ACTION**

1. This is an action seeking a declaration under 28 U.S.C. §2201 that Counter-Plaintiff does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, the United States Patent No. 9,024,581 (hereinafter "the '581 Patent").

**THE PARTIES**

2. Counter-Plaintiff, Newslink of Miami, LLC is a corporation duly organized under the laws of the State of Florida with its principal place of business at 6910 N.W. 12th Street Miami, Florida 33126.

3. Upon information and belief, Counter-Defendant, Voltstar Technologies, Inc., is an Illinois corporation, registered to do business in the State of Florida, with its principal place of business at 1320 Tower Road, No. 162 Schaumburg, Illinois 60173.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, as a declaratory judgment action arising under the Patent Laws of the United States, 35 U.S.C. §1, et seq.

5. This Court has personal jurisdiction over the Counter-Defendant because the Counter-Defendant has purposefully availed itself of this forum by seeking relief in this Court,

including the Complaint filed in this action; and because, upon information and belief, the Counter-Defendant is engaged in substantial and not isolated activity within this state, including being registered to do business in this state, and the advertising and sale of its goods into this state.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) because Counter-Defendant is subject to personal jurisdiction in this district and because a substantial part of the acts and events giving rise to the controversy occurred in this District.

## COUNT I - DECLARATORY RELIEF UNDER 28 U.S.C. §2201 NON-INFRINGEMENT OF THE '581 PATENT

7. Counter-Plaintiff hereby re-alleges the allegations set forth in paragraphs 1 through 6 above as if fully set forth herein.

8. Counter-Defendant's assertions that Counter-Plaintiff is violating its legal rights irreparably injures and adversely affects Counter-Plaintiff, and unless prevented by this Court, will continue to so affect Counter-Plaintiff's business.

9. To resolve the legal and factual questions raised by Counter-Defendant and to afford relief from the uncertainty and controversy which Counter-Defendant's assertions have created, Counter-Plaintiff is entitled to declaratory judgment of its rights under 28 U.S.C. §§ 2201-02.

10. Counter-Plaintiff does not and has not directly infringed any valid claim of the '581 Patent, either literally or under the doctrine of equivalents.

11. Counter-Plaintiff does not and has not indirectly infringed, induced infringement, or contributed to the infringement of any valid claim of the '581 Patent, either literally or under the doctrine of equivalents.

12. Counter-Defendant is not entitled to injunctive relief or other relief under the Patent Laws of the United States.

13. Counter-Plaintiff requests a declaration from the Court that it has not infringed any valid claim of the Patent-in-Suit, either directly, contributorily, by inducement, or under the doctrine of equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Plaintiff demands judgment against Counter-Defendant, and the Court's entry of an Order:

a. Declaring that Counter-Plaintiff has not violated any of Counter-Defendant's purported intellectual property rights, in that it has not infringed any valid claim of the '581 Patent, either directly, contributorily, by inducement, or under the doctrine of equivalents;

b. Awarding Counter-Plaintiff its reasonable attorneys' fees, costs and expenses in this action; and

c. Granting Counter-Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: March 1, 2016

s/W. John Eagan
John Cyril Malloy, III
jcmalloy@malloylaw.com
Florida Bar No. 964,220
Meredith Frank Mendez
mmendez@malloylaw.com
Florida Bar No. 502,235
W. John Eagan
johneagan@malloylaw.com
Florida Bar No. 105,101
**MALLOY & MALLOY, P.L.**
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone (305) 858-8000

Facsimile (305) 858-0008

*Attorneys for Defendant*
*Newslink of Miami, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notices of Electronic Filing generated by CM/ECF on March 1, 2016 on all counsel or parties of record on the Service List below.

By: s/ W. John Eagan

**SERVICE LIST**

Jerold I. Schneider
Florida Bar No. 26975
jerold.schneider@sriplaw.com
Joel Benjamin Rothman
Florida Bar No. 98220
joel.rothman@sriplaw.com
Diana F. Mederos
Florida Bar No. 99881
diana.mederos@sriplaw.com
SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP PLLC
4651 N Federal Hwy.
Boca Raton, FL 33431
Tel: 561-404-4350
Fax: 561-404-4353

*Attorneys for Plaintiff,*
*VOLTSTAR TECHNOLOGIES INC.*

David V. Jafari
California Bar No. 207,881
djafari@jafarilawgroup.com
Saul Acherman
California Bar No. 288036
sacherman@jafarilawgroup.com
JAFARI LAW GROUP, INC.
120 Vantis Drive, Suite 430
Aliso Viejo, CA 92656
Tel: 949-362-0100

Brian S. Dervishi
Florida Bar No. 350303
Bdervishi@wdpalaw.com
Peter A. Tappert
Florida Bar No. 27100
ptappert@wdpalaw.com
WEISSMAN & DERVISHI, P.A.
SunTrust International Center
One Southeast Third Avenue, Suite 1700
Miami, Florida 33131
Tel: 305-347-4070
Fax: 305-347-4077

*Attorneys for Defendant, KANEX, INC.*